**Jay A. REINE, Plaintiff–Appellant,**

v.

**UNITED STATES, Department of the Navy, and Gordon R. England, Secretary of the Navy, Defendants–Appellees.**

No. 04–1002.

United States Court of Appeals, Federal Circuit.

June 29, 2004.

Rehearing Denied July 23, 2004.

Lindsay, Williams, James M. Kinsella, David M. Cohen, Margaret E. McGhee, Department of Justice, Washington, DC, for Defendant-Appellee.

John B. Wells, Slidell, LA, for Plaintiff-Appellant.

*ORDER*

PER CURIAM.

The court considers whether this appeal should be dismissed as untimely.

Jay A. Reine was discharged from the United States Navy. After being denied relief by the Board for Correction of Naval Records, Reine filed suit in the United States District Court for the Eastern District of Louisiana seeking reinstatement and back pay, among other things. The district court dismissed the complaint and entered judgment on March 31, 2003. Reine appealed, seeking review by the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit dismissed his appeal for lack of jurisdiction. Thereafter, on September 18, 2003, Reine filed a second notice of appeal, nearly six months after the district court entered final judgment, seeking review by this court.

178

To be timely, a notice of appeal must be filed within 60 days of entry of final judgment. *See* 28 U.S.C. § 2107; Fed. R.App. P. 4(a)(1)(B). "The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Therefore, because Reine filed his notice of appeal seeking review by this court more than 60 days after entry of the district court's final judgment, we lack jurisdiction to hear this appeal.

Accordingly,

IT IS ORDERED THAT:

This appeal is dismissed as untimely.